**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edwin Oswaldo HERRERA–RAMIREZ, a.k.a. Edwin Oswaldo Herrera, a.k.a. Edwin Herrera–Ramirez, Defendant–Appellant.**

No. 14–10481.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 23, 2015.

Erica Leigh Seger, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Aedwin Oswaldo Herrera–Ramirez, Adelanto, CA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Edwin Oswaldo Herrera–Ramirez appeals from the district court's judgment and challenges the 60–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera–Ramirez challenges the district court's imposition of the 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because Herrera–Ramirez did not object below, we review for plain error. *See United States v. Gonzalez–Aparicio,* 663 F.3d 419, 426–28 (9th Cir.2011).

The district court did not plainly err by concluding that Herrera–Ramirez's conviction for assault with a deadly weapon, in violation of Nevada Revised Statutes § 200.471, constituted a categorical "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See Camacho–Cruz v. Holder,* 621 F.3d 941, 943 (9th Cir.2010) (section 200.471 constitutes a crime of violence under 18 U.S.C. § 16(a)); *United States v. Grajeda,* 581 F.3d 1186, 1190–91 (9th Cir.2009) (reasoning of cases addressing the "crime of violence" definition under 18 U.S.C. § 16(a) applies to cases involving U.S.S.G. § 2L1.2). As such, no modified categorical analysis was required. *See Grajeda,* 581 F.3d at 1189. Further, the district court did not err by failing to

consider the length of Herrera–Ramirez's prior term of imprisonment; the Guideline does not define "crime of violence" by reference to the length of the defendant's sentence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. n. 1(B)(iii).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.